UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| EMIL FLUTE, and PATRICIA FLUTE, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | **COMPLAINT** <br><br> 18-4112 |

**COMES NOW**, Plaintiff's Emil Flute and Patricia Flute by and through their attorney, David J. King of King Law Firm P.C., 141 N. Main Avenue Suite 700, Sioux Falls, SD 57104 and for their Complaint against United States Of America. does hereby state and plead as follows:

### JURISDICTION AND VENUE

1. Plaintiff's bring this action under the *Federal Tort Claims Act (FTCA)* **28 USCS §1346(b)** which grants jurisdiction for actions on monetary claims for injuries "caused by the negligent or wrongful act or omission of an employee of the Government".

2. Plaintiff's reside in North Sioux City, South Dakota.

3. The injury occurred on or about April 24, 2017 at the Winnebago PHS Hospital located in Winnebago, Nebraska.

4. The Winnebago PHS Hospital is part of The Indian Health Services (IHS) which is an agency within the **Department of Health & Human Services** and is responsible for providing federal health services to American Indians. The IHS is the principal federal health care provider for Indian people.

5. On February 12, 2018, Plaintiff's filed an Administrative Tort Claim with the **Department**

of Health & Human Services.  (See, Form 95-109-Exhibit "1")

6. On May 29, 2018, Plaintiff's received notice that their claim was denied.  **(See, Denial Letter-Exhibit "2").**

7. Plaintiffs have exhausted all administrative procedures prerequisite to bringing this case as required under **28 USCS §2675.**

8. Venue is appropriate in this judicial district because the events that gave rise to this Complaint occurred in this district.

9. This action rises under 28 U.S.C. §§ 1346(b), 267-1-2680.  Therefore, any civil action on a tort claim against the United States under subsection (b) of section 1346 may be prosecuted **only in the District where the Plaintiff resides** or wherein the act of omission complained of occurred.  **28 U.S.C. §1402(b) (2010).**

## PARTIES

10. Plaintiff, Emil Flute (husband) is an adult citizen of the United States who resides in North Sioux City, South Dakota, which is in this judicial district.

11. Plaintiff, Patricia Flute (wife) is an adult citizen of the United States who resides in North Sioux City, South Dakota, which is in this judicial district.

12. Defendant, United States Of America, has waived its sovereign immunity to allow civil suits under the Federal Tort Claims Act for actions arising out of the negligent acts of agents of the United States.

## FACTUAL BACKGROUND

13. Between the dates of **April 17, 2017** to **June 2, 2017** Plaintiff, Emil Flute, was seen at the Podiatry Clinic at the Winnebago PHS Hospital located at 225 S. Bluff Street, Winnebago, NE 68071. **(See, Medical Records-Exhibit "3").**

14. During the above dates, Plaintiff, Emil Flute, was seen by several federal health employee's including Ahmed Mohammed, M.D.  **(See, Medical Records-Exhibit "3").**

15. On or about August of 2017, Plaintiff, Emil Flute, received a letter from Mr. Kevin Stiffarm at the Department of Health and Human Services informing him that the medical instruments used during his visits were not properly sterilized and as such, Plaintiff, Emil Flute may be infected with any number of diseases including **Hepatitis B, Hepatitis C, or HIV.**  The letter from Mr. Kevin Stiffarm also stated that the symptoms may not show for years.  **(See, Department of Health And Human Services-Exhibit "4").**

16. On or about August of 2017, Plaintiff, Patricia Flue, wife of Emil Flute, also became aware of the news that not only her husband, but she too may be infected.

17. On or about August 2, 2017, news of the contamination became public to several media outlets.  **(See, News Articles-Exhibit "5").**

**COUNT I**

**NEGLIGENCE**

**(PLAINTIFF EMIL FLUTE)**

18. Plaintiff's incorporate and restate each of the above paragraphs as if though fully set forth herein.

19. That at said time and place of Emil Flute's exposure to harmful and deadly viruses, Defendant had a duty to provide a safe premise for the operation, management, control and inspection of their medical equipment and offices located at Winnebago PHS Hospital.

20. It was the further duty of said Defendant to exercise ordinary degree of care and caution for the safety of others, including the Plaintiff, Emil Flute.

21. Notwithstanding the duty as aforesaid, the Defendant directly and through its federal

employees and agents were guilty of one of the following negligent acts or omissions which were the proximate cause of the injuries and damages sustained by Plaintiff, Emil Flute:

    a) Failure to provide a properly sanitized equipment;

    b) Negligent supervision;

    c) Negligent training;

    d) Failure to exercise reasonable care and attention to protect the Plaintiff and other members of the public;

    e) Failure to warn persons, including the Plaintiff, of the dangerous conditions;

    f) Defendant knew or should have known that not properly sanitizing the medical equipment was dangerous;

    g) Defendant was otherwise negligent.

22. Said negligence was the proximate cause of the resulting injuries to Emil Flute.

## COUNT II

### NEGLIGENCE PER SE

### (PLAINTIFF EMIL FLUTE)

23. Plaintiff's incorporate and restate each of the above paragraphs as if though fully set forth herein.

24. OSHA requires every employer's responsibility to ensure a safe and healthful workplace. More specifically, according to the Bloodborne Pathogens Standard, each employer with employees who may have an occupational exposure to blood or other potentially infectious materials (OPIM) is responsible for eliminating or reducing the potential hazard. In this case, the Winnebago PHS Hospital breached OSHA requirements by failing to ensure that the medical instruments used on Emil Flute and the general public were properly sanitized.

25. The Winnebago PHS Hospital has a responsibility for cleaning contaminated medical equipment, as mandated by the *Bloodborne Pathogens Standard*, 29 CFR 1910.1030.

26. According to paragraph (d)(4)(i) of the standard, "employers shall ensure that the worksite is maintained in a clean and sanitary condition." Paragraph (d)(4)(ii) provides that "all equipment and environmental and working surfaces shall be cleaned and decontaminated after contact with blood or other potentially infectious materials."

27. The negligent actions of Defendant were in violation of OSHA Standards as set forth herein above.

28. The OSHA Standards which Defendant violated, were enacted to promote the safety of the public and to protect the public and class of persons of which Plaintiff Emil Flute is included against the type of harm which Emil Flute has suffered.

29. Under South Dakota law, an unexcused violation of a statute, city ordinance, or administrative rule enacted to promote the safety of the public constitutes *negligence per se* and such violation is the proximate cause of the accident and the injuries to Emil Flute.

30. The acts of the Defendant in violation of OSHA Standards constitutes a breach of a legal duty to Emil Flute and the public and constitute negligence as a matter of law.

## COUNT III

## LOSS OF CONSORTIUM

## (PLAINTIFF PATRICIA FLUTE)

31. Plaintiff's incorporate and restate each of the above paragraphs as if though fully set forth herein.

32. The Defendant's conduct proximately caused past and future emotional pain, suffering, emotional distress, mental anguish, loss of enjoyment, loss of companionship, services, and

consortium, and other nonpecuniary losses to Plaintiff Patricia Flute.

## COUNT IV

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## (PLAINTIFF'S EMIL FLUTE & PATRICIA FLUTE)

33. Plaintiff's incorporate and restate each of the above paragraphs as if though fully set forth herein.

34. As a direct result of Defendant's conduct, Plaintiff's became physically sick suffering from depression and anxiety disorders.

35. As a direct result of Defendant's conduct, Plaintiff's are no longer intimate for fear of infection.

36. As a direct result of Defendant's conduct, Plaintiff's fear of future medical costs associated with Latent HIV Reservoir.

37. All Plaintiff's suffered severe emotional pain and distress and anguish that no person in a decent society should be expected to endure and experience.

**WHEREFORE**, Plaintiff's request that this Court enter judgement against Defendant and provide the following relief **(not to exceed $750,000.00 in Total)**:

1. Compensatory damages.

2. Liquidated damages.

3. Plaintiff's Attorney fees-*not to exceed 25 per centum of any judgment rendered pursuant to Title 28, Section 1346(b)*.

4. Any and all other remedies provided pursuant to *The Federal Tort Claims Act*.

5. Such other and further relief as the Court deems appropriate.

Date this ___7 day of September, 2018.

KING LAW FIRM, P.C.,

_____

David J. King
*Attorney for Plaintiff's*
141 N. Main Ave, Ste 700
Sioux Falls, SD 57104
(605) 332-4000 phone
(605) 334-5797 fax
david@davidkinglawfirm.com